Whitney Huston (SBN 234863)
Kim Pederson (SBN 234785)
Kerstin Arusha (SBN 182624)
**FAIR HOUSING LAW PROJECT**
111 West St. John Street, Suite 315
San Jose, CA  95113
Tel:   (408) 280-2427
Fax:   (408) 293-0106

Attorneys for Plaintiffs Bohlin

Christopher Brancart (SBN 128475)
**BRANCART & BRANCART**
Post Office Box 686
Pescadero, CA   94060
Tel:   (650) 879-0141
Fax:   (650) 879-1103

Attorneys for Plaintiff Project Sentinel

*E-FILED 7/31/06*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

(San Jose)

| | |
|---|---|
| **SANDRA BOHLIN, et al.** | Case No. C-06-00518 RS |
| Plaintiffs, | STIPULATION FOR A PROTECTIVE ORDER RE FAIR HOUSING TESTING RECORDS AND ~~PROPOSED~~ ORDER |
| v. | |
| **HELEN MALDONADO, et al,** | |
| Defendants. | |

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

1. In connection with discovery proceedings in this action, the parties have agreed to designate Project Sentinel's testing records as "confidential" under the terms of this Stipulated Protective Order (hereinafter "Order").

2. **Project Sentinel's testing records,** the information contained therein, and any summaries, copies, abstracts or other documents derived in whole or in part from material

designated as confidential under this order shall be used only for the purpose of the prosecution, defense or settlement of this action, and for no other purpose. Documents disclosed which are covered by this order are Bates Stamped: 000008-000018; 000024-000029; PS000003-000020; PS000024-000039; PS000060-000065; PS000074-000080. Plaintiffs agree that any future documents disclosed to Defendants which are covered by this order shall be designated as "CONFIDENTIAL."

      3.      **Project Sentinel's testing records** may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    (a)    experts or consultants (together with their clerical staff) retained by such counsel, or counsel discussed in 3(c), to assist in the prosecution, defense or settlement of this action or any action mentioned in 3(c);

    (b)    court reporter(s) employed in this action;

    (c)    counsel hired by Defendants' insurance company, if any, in connection with this litigation or any insurance coverage dispute arising out of this litigation. Counsel includes the paralegal, clerical and secretarial staff employed by such counsel;

    (d)    representatives of any insurance company participating in defendants' defense to this action, if any, including its clerical and secretarial staff;

    (e)    any other person as to whom the parties in writing agree.

      4.      In the event that any material deemed confidential by this order is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

      5.      This Order shall be without prejudice to the right of the parties (a) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (b) to present a motion to the Court under **FRCP 26(C)** for a separate protective order as to any particular document or information, including restrictions differing from those specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

6. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

7. This Order shall survive the final termination of this action, to the extent that the information deemed confidential by this Order is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents deemed confidential under this order and all copies of same, or shall certify the destruction thereof.

SO STIPULATED.

Dated:  July 28, 2006           **FAIR HOUSING LAW PROJECT**


/s/_____
Whitney Huston
Attorneys for Plaintiffs Bohlin

Dated:  July 28, 2006           **BRANCART & BRANCART**

/s/_____
Christopher Brancart
Attorneys for Plaintiff Project Sentinel

Dated: July 28, 2006            **HINSHAW & CULBERTSON**


/s/_____
Bradley M. Zamczyk
Attorneys for Defendants

Bohlin, et al. v. Maldonado, et al., No. C06 00518 RS
STIPULATED PROTECTIVE ORDER                                                           3

# ~~PROPOSED~~ ORDER

Upon review of the parties' stipulation requesting a protective order and good cause appearing:

IT IS HEREBY ORDERED that the protective order shall apply to this case:

1.      In connection with discovery proceedings in this action, the parties have agreed to designate Project Sentinel's testing records as "confidential" under the terms of this Stipulated Protective Order (hereinafter "Order").  Documents which include Project Sentinel's testing records include those Bates Stamped:  000008-000018; 000024-000029; PS000003-000020; PS000024-000039; PS000060-000065; PS000074-000080.  Any future documents disclosed to Defendants which are covered by this order shall be designated as "CONFIDENTIAL."

2.      Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts or other documents derived in whole or in part from material designated as confidential under this order shall be used only for the purpose of the prosecution, defense or settlement of this action, and for no other purpose.

3.      Material designated as confidential under this order and produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

   (a) experts or consultants (together with their clerical staff) retained by such counsel, or counsel discussed in 3(c), to assist in the prosecution, defense or settlement of this action or any action mentioned in 3(c);

   (b) court reporter(s) employed in this action;

   (c) counsel hired by Defendants' insurance company, if any, in connection with this litigation or any insurance coverage dispute arising out of this litigation. Counsel includes the paralegal, clerical and secretarial staff employed by such counsel;

   (d) representatives of any insurance company participating in defendants' defense to this action, if any, including its clerical and secretarial staff;

   (e) any other person as to whom the parties in writing agree.

4.  In the event that any material deemed confidential by this order is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

5.  This Order shall be without prejudice to the right of the parties (a) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (b) to present a motion to the Court under CCP 2017 for a separate protective order as to any particular document or information, including restrictions differing from those specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

6.  This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

7.  This Order shall survive the final termination of this action, to the extent that the information deemed confidential by this Order is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Upon termination of this case, counsel for the parties shall assemble and return to each other all documents deemed confidential under this order and all copies of same, or shall certify the destruction thereof.

Dated:  July 31, 2006

_____
**Honorable Judge Seeborg**

Bohlin, et al. v. Maldonado, et al., No. C06 00518 RS
STIPULATED PROTECTIVE ORDER                                                                                                 5